IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEROME BYRD,

    Plaintiff,

v.

TYSON STEPHENS, Sheriff; MARTY
MERCER; COUNTY COMMISSIONERS;
JOHN DOE; and UNITED STATES
MARSHAL SERVICE,

    Defendants.

CIVIL ACTION NO.: CV613-044

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Federal Transfer Center in Oklahoma City, Oklahoma, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while housed at Emanuel County Jail in Swainsboro, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 52 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to

state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he is a federal prisoner that was taken into custody upon the conclusion of his state sentence. Plaintiff asserts that on March 30, 2013, he was picked up on a detainer from the State of Georgia and taken to the Emanuel County Jail under the authority of the United States Marshals Service. Plaintiff alleges that while he was held in the Emanuel County Jail, he was denied access to legal research, books, and counsel. Plaintiff contends that upon request "a staff member of Emanuel County Jail" told Plaintiff that the jail is a holding facility and thus does not have legal materials available. Plaintiff avers that he needs to be able to access legal materials in order to adequately pursue a pending state habeas corpus case and prepare a defense for an unspecified parole revocation hearing. Plaintiff alleges it is the responsibility of the Marshals Service to supply him with legal materials until he reaches a facility with adequate legal resources. Plaintiff states he filed at least three informal or formal

2

grievances, but never received a response. Plaintiff claims Defendants Stephens and Mercer violated his First Amendment rights by "allowing jail officials to open incoming legal from the Courts by not opening the mail in the present [sic] of the inmate." (Doc. No. 8, p. 6). Plaintiff alleges all named Defendants violated his constitutional rights of access to the courts.

Plaintiff names as Defendants: Tyson Stephens, Sheriff of Emanuel County; Marty Mercer, Jail Administrator of Emanuel County Jail; John Doe, County Commissioner, "the financial provider of funds to operate the facility" (Doc. No. 8, p. 2); and the United States Marshals Service. Plaintiff seeks relief against the Defendants in both their individual and official capacities. Plaintiff also requests injunctive relief.

Plaintiff's claims for monetary damages against the individually named Defendants in their official capacities should be dismissed. A lawsuit against officials in their official capacities is no different from a suit against the government itself; such defendants are immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)).

Plaintiff names as Defendant John Doe County Commissioner, "the financial provider of funds to operate the facility located at Swainsboro, Georgia known as the Emmanuel County Jail." (Doc. No. 8, p. 2). However, Plaintiff makes no factual allegations in his Complaint against this individual. A plaintiff must set forth "a short and plain statement of the claim showing that he is entitled to relief." FED. R. CIV. PRO. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendant John Doe, his claims against Defendant John Doe should be dismissed.

AO 72A
(Rev. 8/82)

Plaintiff named the Marshals Service as a Defendant. To the extent the United States Marshals Service is the employer of any person Plaintiff wishes to name individually, Plaintiff's claims against the United States Marshals Service cannot be sustained. See FDIC v. Myer, 510 U.S. 471, 485-86 (1994).

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. It appears that Plaintiff attempts to hold Defendants Stephens and Mercer liable based solely on their supervisory positions as Sheriff and Jail Administrator, respectively. Plaintiff makes no allegations against Defendants Stephens or Mercer which rise to the level of personal liability. Accordingly, Plaintiff's claims against Defendants Stephens and Mercer should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 27th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE